## Commonwealth v. Smith

*Morton H. Kagen*, for Commonwealth.

*Herbert B. Cohen*, for defendant.

ANDERSON, J., August 21, 1950.—This is an appeal from the imposition of a fine of $100 by Alderman Connelly upon defendant, H. Charles Smith, for a violation of section 212(c) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, which reads as follows:

"No person shall receive, obtain or hold a certificate of title recorded in the name of another person for such other person who is not in the regular employ of or not a member of the family of such other person, unless the person receiving, obtaining or holding the certificate of title has a valid undischarged encumbrance recorded in the department against the vehicle represented by such certificate of title."

The facts as disclosed by testimony and agreement of counsel are briefly as follows: A member of the State police arrested one Williams for a minor violation of

The Vehicle Code and in the course of the investigation requested the title to Williams' car. He was told that Charles Smith had the title as Williams had borrowed some money from Smith who was holding the title, apparently as security for the loan. The officer went to Smith and asked for the title which was immediately turned over to him. The officer noticed there was no encumbrance on the title and he forthwith informed Smith that he was under arrest for violating the above section of the code, which resulted in the imposition of the aforementioned fine. It is clear from the testimony that this was a personal matter between Williams and Smith; that there was no misunderstanding or controversy about the possession of the title; that the whole matter was a voluntary arrangement, satisfactory to both of them, and that there was no apparent intent on Smith's part to violate the law. In fact it seems doubtful that he was aware that he was violating the law. Theoretically ignorance of the law is no excuse, but actually it is a mitigating circumstance to be considered in many instances and while it seems clear to the court that there was a technical violation of the section of the code involved, which was intended to correct an iniquitous practice, yet since there was certainly no intent nor moral turpitude involved or even intimated, it might have been better not to have instituted a prosecution. It would seem that this would be a very proper situation in which to exercise judicial discretion and suspend the imposition of sentence which may be done, despite section 1204.1 of The Vehicle Code: Commonwealth v. Wentz, 52 D. & C. 690.

And now, to wit, August 21, 1950, defendant, H. Charles Smith, is adjudged guilty of violating section 212(c) of The Vehicle Code as charged and is directed to appear for sentence on Friday, August 25, 1950, at 10 a.m.